```
 1
 2
 3
 4
 5
 6
 7                     UNITED STATES DISTRICT COURT
 8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
    LEVERT J. HORNER, an
10  individual; BARBARA F.
    HORNER, an individual,
11                                       NO. CIV. S-12-0666 LKK/KJN
              Plaintiffs,
12
          v.
13
    SELECT PORTFOLIO
14  SERVICING. INC., a
    business entity, and
15  DOES 1 through 50,
    inclusive,
16
              Defendants.
17  _____/
    LEVERT J. HORNER, an
18  individual; BARBARA F.
    HORNER, an individual,
19                                       NO. CIV. S-12-1622 LKK/KJN
              Plaintiffs,
20
          V.
21
    DEUTSCHE BANK, NATIONAL TRUST
22  COMPANY, AS INDENTURE TRUSTEE,
    ON BEHALF OF HOLDERS OF THE
23  ACCREDITED MORTGAGE LOAN                      O R D E R
    TRUST 2006-1 ASSET BACK NOTES,
24  a business entity, and
    DOES 1 through 50, inclusive,
25
              Defendants.
26  _____/
```

1

The court believes that the pending motion to dismiss in 12-cv-1622 can be decided without oral argument. Accordingly, the October 1, 2012 hearing date is **VACATED**.

For the reasons set forth below, the court will permit plaintiffs to amend the complaint in the first-filed case (12-cv-666), and dismiss the duplicative complaint, without prejudice, in the second-filed case (12-cv-1622). In addition, the court will grant Select Portfolio's pending motion to expunge the lis pendens.[1]

**I.   BACKGROUND**

On April 12, 2012, plaintiffs Levert J. and Barbara F. Horner filed their First Amendment Complaint against Select Portfolio Servicing, Inc. And Quality Loan Service Corp. (12-cv-666). The complaint alleges state claims based upon defendants' alleged handling of plaintiffs' mortgage, and plaintiffs' request for a loan modification. Select Portfolio moved to dismiss, and the motion was taken under submission on the papers on June 8, 2012. On June 18, 2012, plaintiffs filed a separate complaint against Deutsche Bank National Trust Co., based upon the same property, the same mortgage and the same request for loan modification (12-cv-1622).[2]

---

[1] Plaintiffs failed to timely oppose the motion or to file a Statement of Non-Opposition. Ultimately, plaintiffs late-filed an opposition based upon their assertion that they would withdraw the lis pendens (Dkt. No. 22).

[2] The court issued a Related Case Order on July 9, 2012 (Dkt. No. 8).

2

1    Defendant Deutsche Bank now moves to dismiss the later-filed
2 case, based upon the "anti-claim-splitting doctrine." Plaintiffs
3 concede that Deutsche Bank was a "necessary party" to their
4 original lawsuit and that the later-filed case is duplicative.[3]
5 Plaintiffs assert that they did not simply move to amend the Select
6 Portfolio complaint because it had already been amended once, and
7 because the motion to dismiss the complaint in that case was
8 pending and under submission.  Plaintiffs request consolidation of
9 the lawsuits rather than dismissal of the later-filed case.

10 **II.   ANALYSIS**

> District courts retain broad discretion to control their
> dockets and "[i]n the exercise of that power they may
> impose sanctions including, where appropriate, default
> or dismissal." ...  After weighing the equities of the
> case, the district court may exercise its discretion to
> dismiss a duplicative later-filed action, to stay that
> action pending resolution of the previously filed
> action, to enjoin the parties from proceeding with it,
> or to consolidate both actions.

Adams v. California Dept. of Health Services, 487 F.3d 684, 689
(9th Cir.), cert. denied, 552 U.S. 107 (2007) (citations omitted).
Deutsche Bank relis on Adams as authority for its argument that the
lawsuit against it should be dismissed with prejudice.  While this
court agrees that the second-filed lawsuit should be dismissed,
Adams does not require the drastic remedy of dismissal with
prejudice in this case.

---

[3] An action is "duplicative" of an earlier-filed case where "the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California Dept. of Health Services, 487 F.3d 684, 689 (9th Cir.), cert. denied, 552 U.S. 107 (2007).

1     In Adams, the district court issued a scheduling order with
2 a deadline for filing motions to amend the complaint or add
3 additional parties. 487 F.3d at 687. Plaintiff nevertheless moved
4 to amend to add additional parties over three months past the
5 scheduling order deadline. Id. The district court denied leave
6 to amend. Id. In response, plaintiff filed a separate lawsuit,
7 adding the additional defendants whom the court had just held could
8 not be added to the first lawsuit. Id. The district court then
9 denied the later-filed lawsuit with prejudice. Id., 487 F.3d at
10 687-88.

11    The Ninth Circuit found that plaintiff "filed her present
12 complaint in an attempt to avoid the consequences of her own delay
13 and to circumvent the district court's denial of her untimely
14 motion for leave to amend her first complaint." Id., 487 F.3d at
15 688. Under those circumstances, the Ninth Circuit held that the
16 district court "did not abuse its discretion in dismissing
17 [plaintiff's] later-filed complaint with prejudice." Id.

18    Plaintiffs here concede that their later-filed lawsuit is
19 "duplicative." Assuming that that is so, the equities here are
20 entirely different than they were in Adams. Here, there is no
21 scheduling order in either case. Plaintiffs have not delayed.
22 Plaintiffs have not been denied leave to add Deutsche Bank to their
23 first lawsuit. Indeed, the only reason they did not amend the
24 first complaint, they say, was that they believed they could not
25 do so because the matter was under submission on a motion to
26 dismiss. Plaintiffs are not attempting an end-run around any court

4

order, rule or statute.

This court has the discretion to order these cases consolidated, stayed or dismissed. Fed. R. Civ. P. 42(a)(2) (court may consolidate cases having a common question of law or fact); <u>Adams</u>, 487 F.3d at 688 ("[a]fter weighing the equities of the case, the district court may exercise its discretion ... to consolidate both actions"). The equities of this case clearly do not call for dismissal of either case with prejudice. However, plaintiffs should have the opportunity to do what they wanted to do in the first place, namely, amend their original complaint to add Deutsche Bank, and if they wish, the new federal cause of action contained in the later-filed lawsuit. This can be accomplished through consolidation or simply granting plaintiffs leave to amend the original complaint. The simpler path appears to be granting leave to amend.

**III. CONCLUSION**

For the reasons set forth above, the court orders as follows:

1. The court <u>sua sponte</u> grants plaintiffs **LEAVE TO AMEND** the complaint in 12-cv-666 within thirty (30) days of the date of this order. Defendant Select Portfolio's motion to dismiss the complaint in 12-cv-666 (Dkt No. 10), is therefore **DENIED** as moot;

2. Defendant Deutsche Bank's motion to dismiss the complaint in 12-cv-1622 as duplicative (Dkt. No. 12), is **GRANTED**, and accordingly, that complaint is **DISMISSED** without prejudice;

3. If plaintiffs fail to file an amended complaint in 12-cv-666 within thirty (30) days, that complaint is also **DISMISSED**

5

1 without prejudice, without further order of this court or motion
2 by any defendant; and

3     4.    Defendant Select Portfolio's motion in 12-cv-666 to
4 dismiss the lis pendens (Dkt. No. 7-1), is **GRANTED**, and
5 accordingly, the Notice of Pendency of Action recorded on or about
6 February 28, 2012 in the Official Records of Solano County relating
7 to the real property located at (or described as) 280 Clearpointe
8 Drive, Vallejo, California, 94591 and identified as Document No.
9 201200017948 is **EXPUNGED**.

10    IT IS SO ORDERED.

11    DATED:  September 20, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

6